Dewey, J.
This is a petition under the St. 1845, c. 191 for the appointment of commissioners to fix the compensation to be paid by the petitioners to the respondents, for drawing the merchandise and merchandise cars of the former over the road of the latter.
The leading objection taken to the granting this petition is. that founded upon the supposed infringement of the charter of the respondents, if effect is given to the statute of 1845, *372 c. 191. It is urged that the act creating the Fitchburg railroad company, (St. 1842, c. 84,) has secured to that corporation the full power of regulating their own tolls, subject only to the condition expressed in the charter, that the legislature may reduce and regulate them, in case their net income amounts to ten per cent on the capital stock.
But, in the opinion of the court, the section of the charter above refeined to, and the statute under which this petition is sought to be maintained, relate to distinct subjects, and do not contain conflicting provisions. The charter itself (§ 4) enacts, that the legislature may authorize any company to enter with another railroad at any point upon the Fitchburg road, and use this railroad, paying therefor such a rate of toll or compensation as the legislature may, from time to time, prescribe.
The mode of using other railroads has been regulated by St. 1845, c. 191, and the mode of fixing the compensation to be paid therefor is also prescribed by this statute. We are of opinion that this statute provision was well authorized, and its exercise, so far as relates to the appointment of commissioners, does not depend upon the amount of percentage that the income of the road pays to its stockholders.
This matter of the income and expenditure of the respondents will, of course, form an important item in the consideration, by the commissioners, of the sum proper to be paid to the respondents for the use of their road and engines; but it does not affect the jurisdiction of this court, in the appointment of commissioners to fix the compensation to be paid by the petitioners, for the transportation of their cars.
It is then further objected to the present petition, that it only asks a partial or limited commission, one confined to finding the compensation to be paid for freight cars, and not embracing passenger cars.
The appointment of such commissioners is to be made by this court, when the respective parties' are unable to agree. So far as they do agree, no further action is required; and if, as is said, the parties are both satisfied with their present arrangement, as to the sum to be paid for passengers and *373 passenger cars, there is no occasion for further action on that point. But the inquiry ordered, 'will, of course, bring before the commissioners the entire relations of these parties, and the compensation to be paid for all the various services rendered by the respondents. The order to the commissioners should be a general order, as to all these matters; and this will leave the commissioners full supervision and authority in the premises, giving effect to the arrangements of the parties so far as they do in fact agree, and deciding between them as to all matters in dispute, as to compensation for transportation over their road for the petitioners.